is People v. Joseph Garcia, 515-0363. And Ms. Lassie, welcome back. May it please the Court, Counsel. My name is Jennifer Lassie and I represent Mr. Joseph Garcia. Mr. Garcia is requesting that this Court remand for further post-trial proceedings with Conflict-Free Counsel. Here, he was denied his right to Conflict-Free Counsel at the post-trial hearing because trial counsel recognized that it was his own error that led to the jury seeing harmful and prejudicial video footage and counsel failed to withdraw or to zealously argue that he provided ineffective assistance. And this resulted in both a per se and an actual conflict of interest. So here, trial counsel, the jury saw a video discussing Mr. Garcia's previous convictions, his gang membership, previous prison sentences, his drug use, and it also heard other uncharged crimes evidence. Trial counsel never made a single objection, even though the first reference to these irrelevant and prejudicial acts occurred just three minutes into an interrogation video. And only after trial, counsel filed a motion arguing a conclusory plain error argument, saying plain error had occurred. However, trial counsel didn't address to which prong he was referring and he didn't make any real argument in his motion or at the hearing to establish plain error. When pressed by the court, trial counsel admitted that he should have objected. However, trial counsel then began to downplay how prejudicial the videos were, saying that the majority of them were fair game and he wasn't casting blame on anyone. Now, there seems to be, in the record, Judge Doyle seems to say that counsel knew exactly what was on those videos. That's right, Your Honor. And that's why this case needs to be remanded so that conflict-free counsel can be appointed to flesh this case out. The trial court and trial counsel disagreed as to what happened. The court was under the impression that trial counsel wanted the videos to be admitted, and trial counsel stated on the record that he disagreed. He thought the state would only play certain parts. He didn't know they would play the whole thing straight through. The court said there had been off-the-record conversations, and the court said it would not accept trial counsel's unsworn statement. The only way to remedy this was for trial counsel to withdraw so that conflict-free counsel could be appointed and potentially put trial counsel on the stand to get his sworn statement as to how he handled the case, since the trial court would not accept his unsworn statement. So I think two things are important here when we consider this argument. One, everyone below, at one point or another, recognized that it was trial counsel's duty to object to this evidence and that it was trial counsel's duty to keep this evidence out. That was only on trial counsel and no one else. The state noted that it considered what trial counsel was arguing to be an incompetence of counsel argument. The trial court pressed counsel on why did you not object, and trial counsel admitted he should have objected. So everyone agreed this was on counsel. Another thing I think is important here is if the roles were different. If Mr. Garcia himself had complained about what trial counsel did, I think it's indisputable that the court would have found the trial counsel possibly neglected the case under the Crankle standard. So if these complaints were pro se complaints and the Crankle standard applied, the court would say this is possible neglect. I'm appointing, you know, new counsel, Crankle counsel, to help flesh out these claims for the record. However, because it was counsel himself who complained about his failure to keep the videos out, it puts us into a bit of an unknown territory. So right now the districts are currently split as to whether a defense attorney's allegations of his own ineffectiveness constitute a per se conflict. We've got districts saying it does not constitute a per se conflict. We've got a district saying it does. We've also got the third district saying you can avoid a conflict if you zealously argue your own ineffective assistance. So here our argument is that there was a per se conflict because trial counsel recognized it was his own error when pushed on the issue. He recognized it was his fault that these videos were played. But the per se argument that you're making does not fall within the three areas described by the Illinois Supreme Court. That's correct. In Hernandez, the Illinois Supreme Court set forth three specific categories of per se conflicts of interest. However, the court did not say in that decision that those were the exclusive categories. And in 2012, in PIPA v. Austin M., the court found a fourth category of a per se conflict of interest exists where an attorney functions as both defense counsel and a guardian ad litem. Okay, but that's not this case. That's right. But I think that illustrates that those three in Hernandez are not exclusive. What was the last Supreme Court case that you decided? PIPA v. Austin M. It's a 2012 Supreme Court case. So assuming for the moment, just hypothetically, that your client doesn't fall within a per se conflict definition of the Illinois Supreme Court, how would your client then fall into the actual conflict? That's a good point, Your Honor. We feel that while there is enough here to establish per se, you could also find an actual conflict of interest existed. In PIPA v. Brown, it's a 2017 case from the third district cited in the briefs. The appellate court there did find an actual conflict of interest existed. Brown's trial counsel in a post-trial motion argued that Mr. Brown should get a new trial due to the failure to call a witness. However, she failed to make any reasonable effort in arguing either prong of Strickland. Instead, she argued the failure to call the witness was due to the defendant providing her information and a miscommunication with the defendant. The reviewing court found that her failure to argue Strickland was attributable to the inherent conflict of interest she faced in arguing her own ineffectiveness. And the same is true here. Counsel made a very vague and conclusory plain error argument and never specified either prong. When pushed by the court, he recognized it was his mistake, but then he failed to advance an argument in support of either prong of Strickland. So the actual conflict does require prejudice where the per se conflict does not. However, in establishing prejudice for an actual conflict of interest, the defendant does not have to show that the conflict contributed to his conviction, but rather he has to show that the conflict adversely affected the lawyer's performance. And it's clear here that it did because counsel would not argue that it was his own ineffectiveness that led to the playing of these videos, even though everyone below recognized it was his fault. But he filed a motion eliminating. So he did file a motion eliminating asking that prior bad acts or prior convictions only come in should Mr. Garcia testify. And that was granted. However, when this video first began playing, just three minutes into the first interrogation video, Mr. Garcia references his prior time in prison, I believe. So just three minutes in, and counsel doesn't make a single objection. And the evidence, the improper evidence just keeps coming in. It keeps coming in. Counsel doesn't make a single objection through the whole trial. Counsel may not have known he had to object to preserve the motion eliminating? I think he recognized he did because when the trial court pressed him and asked him, well, how does this happen? Counsel says, well, I should have objected. I believe that. So I think counsel was aware he had a duty to object. At least he was at that post-trial hearing. So I think prejudice is clear here because counsel failed to zealously argue ineffective assistance, and that would establish an actual conflict. So Mr. Garcia is asking that this court remand so that conflict-free counsel can be appointed so that this record can be fleshed out, especially considering the fact that the trial court and trial counsel disagreed as to how these videos came in, and especially in light of the fact that the court wouldn't consider counsel's unsworn argument. The only remedy here was for counsel to withdraw due to a conflict of interest. Why do you think he didn't? Your Honor, I think that's part of ‑‑ I think that's the per se conflict that happened. It's something subliminal that affects an attorney's performance, and he's conflicted with either attacking his own performance or zealously representing his client, and he went the wrong way here. Well, why are you saying that that's per se? Why wouldn't that be part of the actual? Once that he's basically stated that he blew it, then he's put in the untenable position that he has to further argue his incompetence. I mean, that's the actual ‑‑ Right. I think that's the problem here, and the courts are split. That's the conflict, as I see it. Right. I think the courts are split here. The courts find that if you do argue your own ineffectiveness, it's a conflict of interest, and then the courts are also in the position that if you zealously argue it, maybe you can avoid that conflict. It's a confusing territory, and I believe this court has not yet ruled on this legal issue. However, we do believe it's a per se conflict. However, we would ask this court to also find an actual conflict. Okay. I'm going to get something out of that. While you're taking your position, I just need to grab something out of the back of this. You're going to take that? I apologize. Okay. May I proceed? May it please the Court. Good morning, Your Honors. Counsel? I'm Mary Wilson-Langler, and I appear on behalf of the State. Contrary to defendants' arguments in this appeal, this case does not present a conflict of interest. And I want to first start by addressing counsel's comments with respect to crankle procedures, and particularly on page 12 of defendant's reply brief, defendant points to an inequity that it alleges would arise had defendant made a pro se crankle claim. Aside from the fact that these observations are speculative because defendant did not make a crankle claim, defendant had the opportunity to do so. He did not. Defendant also had the opportunity to argue ineffective assistance of counsel in this appeal based on either the failure to object to the admission of these recordings or the failure to properly present and argue the post-trial motion. Again, defendant did not take this course of action that was readily available to him,  As the briefing makes clear, there are two types of conflict of interest that affect a defendant's Sixth Amendment right to counsel, per se and actual. Defendant first asked this Court to conclude that a per se conflict occurs when defense counsel argues his or her own ineffectiveness. As defendant noted in Hernandez, the Supreme Court explained three separate categories that constitute a per se conflict. Those categories include when defense counsel has a prior contemporaneous association with the victim, the prosecution, or an entity assisting the prosecution, when counsel contemporaneously represents a prosecution witness, and third, when defense counsel was a former prosecutor who was personally involved in the prosecution of the defendant. None of these situations are present here. And in each of these scenarios, as the Supreme Court in Hernandez explicitly noted, there is a third person or entity to whom defense counsel owes a professional duty and who would benefit from an unfavorable result to defendant. We do not have that situation here because there is no tie to a third person or entity. There are no competing interests at play, and therefore there cannot be a conflict of those interests if there are no competing interests. Our Supreme Court has also been careful to limit the categories of per se conflicts of interests. With respect to Austin M., while it doesn't necessarily fit neatly into one of those three established categories, it is undeniably in the same vein, as what you have is a situation where defense counsel, who is duty-bound to seek an acquittal or the least harsh sentence possible, is competing with the duties of the guardian ad litem, who is looking out for the best interests of the minor or society. As the Supreme Court ---- Let's just assume that it doesn't fit within the per se. Sure. I think all those theoretical arguments are interesting, but how about the actual conflict? Yes, Your Honor. To prevail, defendant must demonstrate that a conflict of interest adversely affected defense counsel's performance. And the first question to be answered then is whether a conflict of interest actually existed at all. As the Supreme Court in Austin M. noted, and I quote, an actual conflict generally, if not exclusively, involves joint or multiple representation. Indeed, at the very core of the phrase conflict of interest is the idea that the conflict arises due to the competing interests of those to whom counsel owes the professional duty. And now you're talking about the third-party situation again. Exactly, Your Honor. Because this idea of conflict of interest contemplates this joint or multiple representation. And that's directly from our Supreme Court in Austin M. But there was no tie here. There was no joint representation. Defense counsel had no tie to anyone except for the defendant in this case. But isn't that a per se case? No, Your Honor. On Austin M., the Supreme Court was referring directly to actual or, excuse me, it was quoting about actual conflicts as opposed to per se conflicts. So if there's no joint or multiple representation, this begs the question of what are the competing interests at play when arguing one's own ineffectiveness. According to the defendant, this interest is counsel's unwillingness or inability to admit his or her own ineffectiveness. But this unwillingness... Well, isn't that in effect admitting his ineffectiveness when he says, I should have objected and these videos were, I think he said, so harmful and prejudicial the plain error occurred. I mean, he may not have been saying it, but he said it essentially. Isn't he doing that? Not necessarily, Your Honor, because defense counsel explicitly argued both first and second problem plain error as is reflected on pages 186 through 91 of the transcript. But, okay, so he was inartful and maybe not knowledgeable about the law, obviously. But isn't that also an acknowledgment that he wasn't effective in representing his client? Your Honor, he did acknowledge that he made a mistake, and maybe we can examine this through the lens that the third district did in People v. Sullivan. There, defense counsel argued in a post-trial motion that relief was warranted due to a forfeited error with respect to jury instructions. Defendant distinguishes from Sullivan in this case on a factual basis because defendant points to the fact that the trial court shares in the responsibility in ensuring that the jury is properly instructed. However, the shared responsibility does not relieve defense counsel of its duty to preserve instructional errors for review. And the significance of Sullivan to this case is the fact that in both, defense counsel acknowledged that he failed to preserve for review an alleged error. And it is that acknowledgment that forms the basis for these arguments on appeal that counsel essentially admitted his own ineffectiveness, thereby allegedly laboring under a conflict of interest. The third district outright rejected this argument, observing the complete lack of any explicit allegation of ineffective assistance of counsel, holding, quote, we will not transform counsel's acknowledgment that the error with the jury instruction was not raised at trial into an allegation of ineffective assistance of counsel. Nevertheless, defendant asked this court to do just that. Defendant asked this court to transform counsel's explicit plain error argument  And to accept this argument, this court would have to determine that plain error is coextensive to ineffective assistance of counsel. Put another way, this court would have to conclude that any time that counsel admits that he or she forfeited an error, then that counsel is automatically ineffective. But this is not an accurate statement of the law. Counsel, so there's a split of authority. How do the districts line up? With respect to actual conflict or per se conflict? Both. Well, with respect to per se conflict, the appellate court has time and again determined that they will not create this fourth category of per se conflicts of interest. Specifically, we have the fourth, third, and first who have issued opinions on the issue. The second district has found a per se conflict of interest in this type of scenario. The third district appears to be really the only district that has examined this under the light of an actual conflict of interest. And we have both Brown and Sullivan from the third district. Brown, which was cited by defendant, is distinguishable from the case here because the trial court observed that a miscommunication is not grounds to set aside a verdict. Instead, this miscommunication argument could really only be characterized as an ineffective assistance of counsel claim, which the counsel there did not make any meaningful argument with respect to Strickland. However, here, the erroneous submission of evidence is not limited solely to ineffective assistance of counsel claims as the miscommunication in Brown. It can be characterized as plain error, making Brown distinguishable. Instead, this case is similar to Sullivan, wherein we again have the acknowledgement by defense counsel that an error was forfeited. As the third district in Sullivan held, this court should decline defendant's invitation to transform defense counsel's plain error argument into an ineffective assistance of counsel argument. Excuse me. And I believe if there's no further questions, the state will rest on its brief and ask that this court affirm defendant's convictions and sentence. Thank you. Thank you. Ms. Lansing. First, Your Honors, Austin M. was a per se conflict case. It was not an actual conflict. Let me ask you a question. I'm concerned about the fact that any time plain error is alleged, that it could be transformed into ineffective assistance of counsel. I mean, are we opening the door to that, that every time counsel fails to file a post-trial motion or doesn't object, and then this court is left with a plain error analysis, that then that can be transformed into ineffective assistance of counsel? No, Your Honor. I don't think this is the type of case that opens, you know, the floodgates to these types of claims. Why not? So in this case, in some cases, error does occur, and it could be plain error. In other cases, the failure rests solely on trial counsel's shoulders. And the state tried to distinguish this case from Brown by saying, in Brown, the mistake was clearly trial counsel's fault and no one else's, and that's how it's different from this case. But that's exactly why this case is directly on point with Brown, where they found the actual conflict. But in this case, clearly the trial counsel made a mistake. That's correct. Brown acknowledges the mistake, but he doesn't file the post-trial motion, and so we're left with plain error, and now we want to transform that into ineffective assistance of counsel. It seems to me there's other vehicles that are in the law to do that. Well, I think if counsel had recognized his duty to withdraw here, we would never be in this state in the first place. But I think the facts are what are important here and what show that this is identical with Brown with respect to the actual conflict. Below on page 191 of the transcript, the state recognized trial counsel had that video for 200 days prior to trial, and the state said, and I quote, the argument being made is incompetence of counsel, end quote. That's the state's language. Trial counsel recognized, I quote, that I should have objected. And the court, everyone agrees this was counsel's duty. The state on appeal seems to recognize that, and perhaps unknowingly that this was trial counsel's duty only. The state in its brief on appeal says the trial court had no duty to suspend or redact those videos, so it wasn't trial court. We don't go to trials hoping that the state's going to redact videos where the defendant says things that make it look bad. This was clearly seen that the state violated the court's order to eliminate, which is why there should have been an objection. Right, and instead trial counsel waits until after the verdicts are in to make any comment about those videos. But I guess the videos, some portion obviously of the videos was going to come in, so there had to be some kind of action on the part of defense counsel to make that determination on the redaction. That's true, and there's some language in the brief that we quoted where trial counsel kind of waivers on whether he watched all of the videos. And that's why I asked you earlier, the judge made a comment, and the judge also refers to several off-the-record discussions that of course we're not privy to, which is why we feel it's so important to remand and appoint conflict-free counsel so we can flesh out this record and find out exactly what happened and what led to these videos being admitted. Okay, go ahead and answer Justice Chapman. I think I interrupted. I'm sorry, what was your question? Well, I don't know that I was actually asking a question. I was basically trying to flesh out some of the facts. It was the responsibility of, once the motion to eliminate was allowed, it was the responsibility of defense counsel then to take some action to make the determination on what should be redacted under the eliminate order. And I think she was going to say something about the brief in response to that as well, I gather. Maybe not. Yeah, I was trying to find so the court presses counsel on how this happens. The court says, if there was any inkling whatsoever that you didn't understand the content of the video, I would never have allowed it to be played. And counsel says, well, regardless, I still, in the court, are you going to put on some evidence? No, I just think that it's plain error. It's just so harmful and prejudicial that the court, well, how does that happen? Trial counsel, well, I think or I should have objected. I believe that. But I think that, and in the court, I'm not arguing at all. I'm asking why didn't you. And here counsel says, well, I wasn't sure what the contents of. I had some idea. I reviewed the video. And I think had counsel recognized his own inherent conflict of interest and withdrawn, conflict-free counsel could have fleshed this record out for us and leave respect to the request that you reverse and appoint conflict-free counsel. Thank you. This matter will be taken under advisement and we'll issue a disposition in due course.